STATE EX REL. CITY OF ST. PAUL v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 9, 1930.

No. 27,794.

[1]Reported in 230 N. W. 809.

*Doherty, Rumble, Bunn & Butler,* for appellant.

*Eugene M. O'Neill* and *Lewis L. Anderson,* for respondent.

*G. W. Lewis,* amicus curiae, filed a brief in support of the contention of respondent.

HILTON, J.

Defendant appeals from an order denying its motion for a new trial.

Proceedings in mandamus brought by plaintiff (city) to compel defendant (company), a Minnesota corporation, to lay, construct and operate a double track line of street railway with the incidents necessary thereto for the operation thereof on Atlantic and Margaret streets in the city of St. Paul from the present terminus of the car line on Fourth and Atlantic streets, thence northerly on Atlantic street to Margaret street, and thence east on Margaret street to Ruth avenue, and to compel it to run and operate cars thereon, all as provided by ordinance No. 6875 of said city.

The estimated cost of construction of the extension was $90,093; its estimated annual expense of operation, including depreciation and in which proper proportions of salaries and other overhead were included, was $36,211.21, which with taxes and interest on the investment makes the total estimated annual cost of such operation $45,552.05.

The trial court at first denied the city's petition; its application for reopening the case for further argument and testimony was granted; after such was had an order granting the writ was made. The company's motion for a new trial was denied and this appeal perfected.

Ordinance No. 6875 of the city of St. Paul, approved October 20, 1927, is a proposed exercise of the municipal police power, and

all questions of propriety and public necessity, being legislative in character, are committed to the city council. Its determination is ordinarily final except when judicial review is provided for. The ordinance is presumptively valid, not only as respects the question of public necessity but also as to its reasonableness. The ordinance was therefore prima facie reasonable and valid, and the burden of proving unreasonableness and invalidity was upon the company. Such defenses must be established by evidence, and unless the action of the council in enacting the ordinance was clearly arbitrary there should be no interference by the courts. State ex rel. City of St. Paul v. St. Paul City Ry. Co. 122 Minn. 163, 142 N. W. 136; State ex rel. City of St. Paul v. St. Paul City Ry. Co. 78 Minn. 331, 81 N. W. 200; see also State ex rel. City of Duluth v. Duluth St. Ry. Co. 179 Minn. 548, 229 N. W. 883.

The previous franchise, ordinance No. 1227, under which the company was permitted to operate in St. Paul, in the last part of § 18 thereof, provides:

"The Common Council reserves and shall possess the right at any time, and from time to time, after January 1, 1892, to order the construction and completion by said St. Paul City Railway Company of any new railway upon any and all streets in the city of St. Paul, *upon which sewers shall have been constructed* * * *."

We need not consider the suggestion that this amounted to no more than a mere retention of a power which the city already had and of which it could not divest itself.

It is admitted that there are two connecting blocks of the proposed new street car line upon which no sewers have been constructed. The company insisted that ordinance No. 6875 is invalid for that reason. The city's contention (and evidence was offered in support thereof) was that because of the topography of the unsewered street along the two blocks in question and because of other existing conditions there was no necessity for a sewer thereon, and in all probability there never would be. A strict and literal construction of § 18 should not be had. We hold that ordinance No. 1227 does not require the construction of sewers where none are

needed, as a condition precedent to the requiring of line extensions by the company.

■ The answer and return of the company to the writ of mandamus expressly asserted that the territory mentioned in the ordinance was adequately served by other lines in view of the population thereof; that the making of the extension would cost a large amount of money; that the cost of its operation would far exceed revenue to be derived therefrom. The return further stated that no public necessity or convenience will be served by extending the street railway lines of defendant as required by said ordinance; that the ordinance is not for a public purpose, is unnecessary, is arbitrary, and is unreasonable; that its requirements would confiscate its property without compensation and deprive it of its property without due process of law; and that the ordinance denied to it rights guaranteed by the constitution of Minnesota and the constitution of the United States.

A proposition advanced by the company in support of its motion for a new trial is the claimed error of the court in refusing to receive in evidence the testimony of the company's witness D. J. Strauss, its comptroller and auditor. Strauss was asked four questions, which were substantially as follows:

1. "Can you give me the figures, the net earnings of the St. Paul City Railway Company in the calendar year last past?"

2. "Can you give us the fair value of the property of the St. Paul City Railway Company as shown by its books January 1, 1929?"

3. "Can you give me the earnings of the St. Paul City Railway Company upon the fair value of its property used in public service during the year 1928 as shown by the company's books at the close of business for the same year?"

4. "Can you give me the earnings during the month of March, 1929, available for return upon the value of its property used for public service of the St. Paul City Railway Company?"

When the first question was asked it was objected to as immaterial. The court then inquired: "How is that material in this case?" There was no response to the court's inquiry. The objec-

tion was sustained and exception taken. The same objection was made to each of the other questions with the same ruling and exception. The questions asked were simply as to the knowledge of the witness. The answers might have been either yes or no. If no, that would have ended the matter; if yes, as it probably would have been, the next question would have sought to bring out the facts desired. The trial court had a right to have a direct explanation as to the position of the company with reference to the materiality of the evidence proposed to be brought out as the same was indicated by the questions propounded. Its inquiry should have been answered.

The facts manifestly sought to be brought out went directly to issues involved and were necessary to establish a claimed defense. All evidence tending toward that end could not be put in at once; the order in which the proof was offered was not important. The city attorney knew the purpose and object of the questions; with commendable frankness he so admits.

With the presumption maintaining as to the validity and reasonableness of the ordinance, the burden was upon the company to overcome that presumption, and it should have had an opportunity to so do if it could.

The trial court erred in not permitting the company to prove the facts indicated by the questions asked the witness Strauss. For this error there should be a new trial. Other propositions not necessary for determination here are not considered.

Order reversed.